FILED
JUN 2 2 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SERAJUL HAQUE,                        )
                                      )
            Plaintiff,                )
                                      )   Case: 1:15-cv-00966 Jury Demand
    v.                                )   Assigned To : Unassigned
                                      )   Assign. Date : 6/22/2015
UNITED STATES,                        )   Description: Pro Se Gen. Civil (F Deck)
                                      )
            Defendant.                )

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* civil complaint. The application will be granted, and the complaint will be dismissed.

The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff submits a form "Employment Discrimination Complaint" purportedly alleging discrimination based on his race, religion, sex, national origin, and "Retaliation/Age/Professional



3

etc." Compl. at 2. Because the complaint contains no factual allegations whatsoever to support an employment discrimination claim, as drafted, the complaint does not comply with Rule 8(a). A separate order of dismissal is issued separately.

DATE: 6/18/15

_____
United States District Judge